# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ERIC VIGIL and KIMBERLY VIGIL, Individually,
as Personal Representatives of the Estate of
JUSTIN VIGIL, and as Next Friends of
JACOB VIGIL, and JUAN MOYA and
JOSIE MOYA, Individually, and Personal
Representatives of the Estate of JACOB MOYA,
and as Next Friends of JUSTINA MOYA,

        Plaintiffs,

vs.                            No. CIV 06-0212 RB/WDS

BURLINGTON NORTHERN AND SANTA FE
RAILWAY CO., a Delaware Corporation and
THE NATIONAL RAILROAD CORP., a/k/a
AMTRAK,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion for Summary Judgment (Statute of Limitations/Repose) (Doc. 69), filed on March 9, 2007, Plaintiffs Juan Moya and Josie Moya's Motion to Appoint Personal Representatives (Doc. 108), filed on April 12, 2007, and Plaintiffs Eric Vigil and Kimberly Vigil's Motion to Appoint Personal Representatives (Doc. 111), filed on April 26, 2007. Jurisdiction arises under 28 U.S.C. § 1332. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully advised, finds that Defendants' motion should be denied, Plaintiffs Juan Moya and Josie Moya's and Plaintiffs Eric Vigil and Kimberly Vigil's motions should be granted, and Plaintiffs should submit orders appointing the respective parents as personal representatives for the purpose of bringing this wrongful death action.

**I.**     **Facts.**

       The following statement of facts is set forth in the light most favorable to Plaintiffs, with all

reasonable inferences from the record drawn in their favor. *See Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006).

On March 21, 2003, fifteen-year-old Jacob Moya and thirteen-year-old Justin Vigil died in a collision between a vehicle operated by Jacob Moya and an Amtrak train. Eric Vigil and Kimberly Vigil are the parents of Justin Vigil, and Jacob Vigil, the surviving minor brother of Justin Vigil. Juan Moya and Josie Moya are the parents of Jacob Moya, and Justina Moya, the surviving minor sister of Jacob Moya. Jacob Moya and Justin Vigil were unmarried and without children.

Defendant BNSF owned the right-of-way and the crossing at the time of the accident. (Pl. Ex. A and B.) The stop sign, with a crossbuck sign on the same post, was installed after1996, but before March 21, 2003. (Pl. Ex. B.)

## II.    Standards.

In this diversity case, state law governs substantive issues, while federal law applies to procedural questions. *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). In applying state substantive law, this Court must follow the most recent decisions of the state's highest court. *Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 666 (10th Cir. 2007) (citations omitted). "Where no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do." *Id.* In doing so, this Court may seek guidance from decisions rendered by lower state courts, and "the general weight and trend of authority" in the relevant area of law. *Id.* (internal quotations omitted).

With respect to procedural matters, such as the propriety of summary judgment, federal law applies. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016 (10th Cir. 2001).

Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

2

Summary judgment is appropriate "only where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Fuerschbach*, 439 F.3d at 1207 (quoting Rule 56(c)).  The evidence, and all reasonable inferences drawn therefrom, must be viewed in the light most favorable to the nonmoving party.

## III.    Discussion.

### A.    The New Mexico Wrongful Death Act.

The New Mexico Wrongful Death Act is the exclusive remedy governing wrongful death actions in New Mexico.  *Stang v. Hertz Corp.*, 81 N.M. 69, 72-73, 463 P.2d 45, 48-49 (1969).  Its purpose is to compensate the statutory beneficiaries and to deter negligent conduct.  *Id*.  The Wrongful Death Act is strictly construed as it is in derogation of the common law.  *Romero v. Byers*, 117 N.M. 422, 427, 872 P.2d 840, 845 (1994) (citations omitted).

The Wrongful Death Act consists of four statutes, codified at N.M. Stat. Ann. §§ 41-2-1 through 41-2-4.  *See Romero v. Byers*, 117 N.M. at 427, 872 P.2d at 845.  Defendants attempt to distinguish Section 41-2-4, which concerns wrongful death caused by common carriers, from Section 41-2-3, which provides for a right of action for wrongful death generally.  Defendants' interpretation of the Act is not in accord with that of the New Mexico Supreme Court.  *See Tauch v. Ferguson-Steere Motor Co.*, 62 N.M. 429, 433, 312 P.2d 83, 85 (1957) ("so-called 'general' statute was enacted as a part or parcel of the same act imposing liability for wrongful death caused by a common carrier").

The pertinent portions of the Wrongful Death Act provide:

Whenever the death of a person is caused by the- wrongful act, neglect or default of another . . . then . . . the person . . . who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the

person injured.

N. M. Stat. Ann. § 41-2-1.

> Every such action as mentioned in Section 41-2-1 NMSA 1978 shall be brought by and in the name or names of the personal representative or representatives of such deceased person, and the jury in every such action may give such damages, compensatory and exemplary, as they deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment . . .

N. M. Stat. Ann. § 41-2-3.

> Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive, car or train of cars, or of any driver of any stage coach or other public conveyance, while in charge of the same as driver; and when any passenger shall die from injury resulting from or occasioned by any defect or insufficiency in any railroad or any part thereof, . . . the corporation . . . who owns any such railroad [or] locomotive . . . at the time any injury is received resulting from or occasioned by any defect [or] negligence, unskillfulness or criminal intent . . . shall be liable in damages . . . to the surviving party or parties; first by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six months after such death then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother; or fourth, if the deceased has reached the age of majority and is unmarried, by a dependent father or mother or dependent brother or sister, who may join in the suit; and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor.  *In the event there are no such persons entitled to sue or in the event suit is not brought by any such persons within nine months after such death, suit may be brought by the personal representative or representatives of such deceased person.*

N. M. Stat. Ann. § 41-2-4 (emphasis added).

As the New Mexico Supreme Court explained in *Tauch*, the predecessor of Section 41-2-4 was enacted in 1882.  *Tauch*, 62 N.M. at 432, 312 P.2d at 85.  From 1882 until 1947, the statute at issue did not contain a provision permitting a personal representative to bring suit.  Prior to 1947, only the specific persons authorized by the predecessor of Section 41-2-4 had the capacity to bring suit for wrongful death caused by a common carrier.  *See Romero v. Atchison, T. & S.F. Ry. Co.*, 11

N.M. 679, 72 P. 37 (N.M. Terr. 1903) (holding administrator or estate of person killed in railroad accident lacked the capacity to sue) (superseded by statute as stated in *Tauch*).  If no such persons existed, there could be no recovery due to lack of capacity to sue.  *Tauch*, 62 N.M. at 435, 312 P.2d at 87.

In 1947, Section 41-2-4 was amended to add the final sentence authorizing suit by a personal representative for wrongful death caused by a common carrier.  *Tauch*, 62 N.M. at 432, 312 P.2d at 85.  The 1947 amendment closed the "heartless gap in the law," and "insure[d] that for every wrongful death within the purview of the act, there should be a permissible recovery." *Id.*, 62 N.M. at 435-36, 312 P.2d at 87-88.  Since 1947, for purposes of the capacity to sue, no material distinctions are drawn between Section 41-2-3 and Section 41-2-4.  *See Tauch*, 62 N.M. at 437-38, 312 P.2d at 88.

**B.      N. M. Stat. Ann. § 41-2-4 does not bar the wrongful death claims.**

Defendants contend that the wrongful death claims are barred by Section § 41-2-4 because Plaintiffs are specific persons authorized by the statute to sue and they did not file suit within nine months after the deaths.

By its plain meaning, Section 41-2-4 creates preferential time-periods for filing suit for certain classes of survivors, such as the parents of unmarried minors.  Since its 1947 amendment, the statute has provided that, if no person in the preferred categories exists, or no such person sues within the preferred time-periods, the personal representative, or representatives, may bring suit after the expiration of those time periods.  Plaintiffs Juan Moya and Josie Moya and Plaintiffs Eric Vigil and Kimberly Vigil have moved to be appointed as personal representatives herein.  As more fully discussed *infra*, such appointments are permissible under New Mexico law and relate back to the filing of the original complaint.  Thus, Section 41-2-4 does not bar the wrongful death claims.

**C.     The wrongful death claims are not barred for lack of formal appointment as personal representatives prior to filing suit: Plaintiffs' Motions for Appointment of Personal Representatives should be granted.**

Defendants argue the wrongful death claims are barred because personal representatives were not appointed at the time of filing suit.  Plaintiffs Juan Moya and Josie Moya and Plaintiffs Eric Vigil and Kimberly Vigil are statutory beneficiaries and have moved herein for appointment as personal representatives of their deceased children for the purpose of bringing this wrongful death action.  Defendants oppose such appointments on the grounds that personal representatives were not appointed prior to filing suit, the requests for appointment were untimely, and Section 41-2-4 requires personal representatives to be appointed under the Probate Code.

A personal representative appointed pursuant to Section 41-2-3 serves as trustee for statutory beneficiaries.  *See* N.M. Stat. Ann. § 41-2-3.  "The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individual statutory beneficiaries" in order to "centralize the claims and prevent multiple and possibly contradictory lawsuits."  *Chavez v. Regents of the Univ. of N.M.*, 103 N.M. 606, 608-09, 711 P.2d 883, 885-86 (1985).

The New Mexico Supreme Court has broadly construed who qualifies as a personal representative under the Wrongful Death Act.  *Chavez*, 103 N.M. at 609, 711 P.2d at 886.  "'The important thing is that the action shall not fail because of the absence of a party capable of suing . . ..' "  *Id.* (quoting *Henkel v. Hood*, 49 N.M. 45, 156 P.2d 790 (1945)).  Although *Chavez* involved a general claim for wrongful death, Defendants have failed to articulate a cogent reason for distinguishing claims under Section 41-1-4.

The appointment of a wrongful death personal representative is not a jurisdictional prerequisite to bringing a wrongful death action, *Chavez*, 103 N.M. at 609, 711 P.2d at 886, and a

petition for appointment of a personal representative may be brought within the wrongful death action itself. *In re Estate of Sumler*, 133 N.M. 319, 322 n. 1, 62 P.3d 776, 779 n.1 (Ct. App. 2002). The personal representative may be appointed after the expiration of the statute of limitations, so long as defendants received adequate notice. *See Chavez*, 103 N.M. at 609, 711 P.2d at 886 ("[w]here the real parties in interest received sufficient notice of the proceedings or were involved unofficially at an early stage, the statute of limitations should not be used mechanically to bar an otherwise valid claim."). Defendants received adequate notice of the suit within the statutory period and they have demonstrated no prejudice.

Defendants cite no authority for the proposition that Section 41-2-4 requires personal representatives to be appointed under the Probate Code. Nothing in Section 41-2-4 indicates such a requirement exists. The New Mexico Supreme Court has held that, for purposes of the capacity to sue, no material distinctions are drawn between Section 41-2-3 and Section 41-2-4. *See Tauch*, 62 N.M. at 437-38, 312 P.2d at 88. Defendants' stance is further undercut by *Sumler*, 133 N.M. 319, 322 n.1, 62 P.3d 776, 779 n.1 (Ct. App. 2002), a Section 41-2-3 case which relied on authorities interpreting Section 41-2-4. Section 41-2-4 does not require personal representatives to be appointed under the Probate Code.

The wrongful death claims are not barred for lack of formal appointment as personal representatives prior to filing suit. Plaintiffs' motions to appoint personal representatives,[1] for the purpose of litigating this wrongful death action, are granted. The appointment of the personal

---

[1] In the second amended complaint, Plaintiffs Juan Moya and Josie Moya and Plaintiffs Eric Vigil and Kimberly Vigil identify themselves as personal representatives of the estates of the decedents. A personal representative, as defined by the Probate Code, is not the same as a personal representative under the Wrongful Death Act. *Sumler*, 133 N.M. at 321, 62 P.3d at 778. A suit under the Wrongful Death Act has no relation to the estate. *Sumler*, 133 N.M. at 322, 62 P.3d at 779. "While the administrator [of the decedent's estate] may be the [wrongful death action] personal representative, there may be a personal representative who is not the administrator." *Stang v. Hertz Corp.*, 81 N.M. 69, 77, 463 P.2d 45, 53 (Ct. App. 1969).

representatives is deemed to relate back to March 20, 2006, the date of filing of the original complaint.  *See Chavez*, 103 N.M. at 609, 711 P.2d at 886 (holding that relation-back is appropriate where personal representative appointed after expiration of statute of limitations); *Scheufler v. General Host Corp.,* 126 F.3d 1261, 1270 (10th Cir. 1997) (joinder of plaintiffs under Fed. R. Civ. P. 17(a) relates back to the date of the original complaint).  Thus, the wrongful death claims are not barred.

**D.     N. M. Stat. Ann. § 41-2-4 permits separate claims for loss of consortium.**

While they acknowledge that Section 41-2-3 permits loss of consortium claims by survivors, *see Romero v. Byers*, 117 N.M. at 429, 872 P.2d at 847, Defendants maintain that Section 41-2-4 extinguishes such claims.  In support of the argument, Defendants rely on pre-1947 authorities. Nothing in the modern language of Section 41-2-4, or the decisions of the New Mexico courts, supports Defendants' position.

In *Romero v. Byers*, the New Mexico Supreme Court relied on the plain language of Section 41-2-3, that provides "taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties . . ., " and determined that such language is not a "limiting phrase, but indicates that more than the single factor of pecuniary loss should be considered by a jury to determine fair and just compensation."  *Romero v. Byers*, 117 N.M. at 428, 872 P.2d at 846. Notwithstanding this statutory language, the New Mexico Supreme Court concluded "damages for loss of consortium may not be awarded under the Act, but must be sued for by the spouse or the personal representative in an individual capacity." *Romero v. Byers*, 117 N.M. at 429, 872 P.2d at 847.

Section 41-1-4 contains the same operative language concerning pecuniary loss that the New Mexico Supreme Court interpreted in *Romero v. Byers*.  *Compare* N. M. Stat. Ann. § 41-2-4 *with*

8

§ 41-2-3.  In that both statutes contain the same operative language, the same reasoning applies and the claims for loss of consortium, brought by Plaintiffs in their individual capacities and on behalf of the surviving siblings in the siblings' individual capacities, are not barred by Section 41-1-4.

       **E.**    **New Mexico law recognizes loss of consortium claims by siblings.**

Defendants assert that New Mexico law does not recognize a loss of consortium for a sibling. The New Mexico Supreme Court has clearly stated that the determination of who can recover for loss of consortium should be based on facts establishing the quality of a relationship, not on a legal definition establishing or rejecting one.  *Lozoya v. Sanchez*, 133 N.M. 579, 576, 66 P.3d 948, 955 (2003).  "It is appropriate that the finder of fact be allowed to determine, with proper guidance from the court, whether a plaintiff had a sufficient enough relational interest with the victim of a tort to recover for loss of consortium." *Id.*

Based on this reasoning, the New Mexico Court of Appeals has held that adult siblings are not legally barred from asserting claims of loss of consortium.  *Fitzjerrell v. City of Gallup*, 134 N.M. 492, 79 P.3d 836 (Ct. App. 2003).  New Mexico law recognizes a sibling's loss of consortium claim.

In their reply brief, Defendants acknowledge *Fitzjerrell*, but assert that Plaintiffs have produced no facts supporting their claim.  Defendants, as the moving party, bear the initial burden on summary judgment; a burden they have not met in that they submitted no evidence to negate Plaintiffs' loss of consortium claims.  Defendants are not entitled to summary judgment on these claims.  Plaintiffs have adequately pleaded the essential elements of their claims for loss of consortium to defeat a dismissal for failure to state a claim.

       **F.**    **N.M. Stat. Ann. §§ 37-1-8 and 41-2-2 do not bar the claims.**

The applicable statutes of limitations provide that the claims must be brought within three

years after the date of injury or death.  *See* N. M. Stat. Ann. §§ 37-1-8 (loss of consortium claims) and 41-2-2 (wrongful death claims).  A cause of action for wrongful death accrues on the date of death.  *See* N. M. Stat. Ann. § 41-2-2.  A cause of action for loss of consortium may accrue at the time of the occurrence, the time of injury, or the time of discovery, depending on the nature of the claims asserted and the context out of which they arise.  *Williams v. Stewart*, 137 N.M. 420, 424, 112 P.3d 281, 285 (Ct. App. 2005).  In this case, the accident, the deaths, and discovery thereof, occurred on March 21, 2003.  Thus, the causes of action accrued on March 21, 2003.

The day of the event from which the designated period of time begins to run is excluded from the computation, but the last day is included.  NMRA, Rule 1-006; *see also* Fed. R. Civ. P. 6(a) (same).  Thus, March 21, 2003, the date of the accident, is excluded from the computation, but the day three years after that date, March 21, 2006, is included in the computation.

Rule 6 comports with the New Mexico statute governing computation of time, which provides:

> [I]f the period is expressed in years, the period ends on the day of the concluding month of the concluding year that is numbered the same as the day of the month of the year on which an event determinative of the computation occurred, unless the concluding month has no such day, in which case the period ends on the last day of the concluding month of the concluding year.

N. M. Stat. Ann. §§ 12-2A-7(D).

The day of the concluding month (March) of the concluding year (2006) that is numbered the same as the day of the month (21) on which accident, deaths and discovery occurred was March 21, 2006.  This rule is consistent with the common understanding of when a period, beginning on a certain date, expires.  *See U.S. Bank Nat. Ass'n v. Martinez*, 134 N.M. 665, 81 P.3d 608 (Ct. App. 2003).  Three years after March 21, 2003 was March 21, 2006.  "[A] day begins immediately after midnight and ends at the next midnight."  N.M. Stat. Ann. §§ 12-2A-7(D).  Thus, the statute of

limitations expired at midnight on March 21, 2006.

Plaintiffs filed their original complaint by electronic transmission at 8:32 p.m. on March 20, 2006.  (Doc. 1.) A paper filed by electronic means in compliance with a local rule constitutes a written paper.  *See* Fed. R. Civ. P. 5(e). The District of New Mexico authorizes filing by electronic transmission.  *See* D. N. M. LR-Civ. 5.5(a).  A document filed electronically after 5:00 p.m. on a business day (day 1) and before 8:00 a.m. the next business day (day 2) is considered filed on day 1.  *Id*.  The filing fee was paid on March 21, 2006, as required by D. N. M. LR-Civ. 5.3(a).  In that filing of the complaint was complete by midnight on March 21, 2006, suit was brought within three years after the injuries and deaths.  Therefore, Plaintiffs' claims are not barred by the statutes of limitations.

### G.    N. M. Stat. Ann. § 37-1-27 is inapplicable.

Defendants argue that Section 37-1-27 bars Plaintiffs' claims relating to the railroad crossing.  Section 37-1-27 provides, in pertinent part:

> No action to recover damages for any injury to property, real or personal, or for injury to the person, or for bodily injury or wrongful death, arising out of the defective or unsafe condition of a physical improvement to real property, nor any action for contribution or indemnity for damages so sustained, against any person performing or furnishing the construction or the design, planning, supervision, inspection or administration of construction of such improvement to real property, and on account of such activity, shall be brought after ten years from the date of substantial completion of such improvements; provided this limitation shall not apply to any action based on a contract, warranty or guarantee which contains express terms inconsistent herewith.

*See* N.M. Stat. Ann. § 37-1-2.

The purpose of Section 37-1-27 is "to shift liability from builders to property owners . . . for dangerous conditions arising out of improvements to real property ten years after the completion of a project."  *Saiz v. Belen Sch. Dist.*, 113 N.M. 387, 401, 827 P.2d 102, 116 (1992).  Section 37-1-27

is "not intended to benefit the owner of real property." *Id.*  By its plain terms, Section 37-1-27 only applies after ten years from the date of substantial completion of the improvements.

Defendants' assertion that the placement of two signs at the crossing does not constitute a "physical improvement to real property" is not helpful to their position.  If such were the case, Section 37-1-27 would be inapplicable.  *See Delgadillo v. City of Socorro*, 104 N.M. 476, 478, 723 P.2d 245, 247 (1986).   Moreover, New Mexico courts broadly define what can be deemed a "physical improvement to real property." *Id.*  As a consequence, a variety of installations have been held to qualify as improvements within the meaning of Section 37-1-27.  *See e.g. Jacobo v. City of Albuquerque*, 138 N.M. 184, 186, 118 P.3d 189, 191 (Ct. App. 2005) (raised concrete base of a light pole); *Saiz v. Belen Sch. Dist.*, 113 N.M. 387, 401, 827 P.2d 102, 116 (1992) (high voltage lighting system); *Delgadillo*, 104 N.M. at478, 723 P.2d at 247 (gas lines); *Mora-San Miguel Elec. Coop., Inc. v. Hicks & Ragland Consulting & Eng'g Co.*, 93 N.M. 175, 177, 598 P.2d 218, 220 (Ct. App. 1979) (electric lines).

While the placement of the two signs may not have added monetary value to the land underlying the crossing, the installation involved the expenditure of labor and money and was designed to make the property more useful as opposed to ordinary upkeep.  *See Mora-San Miguel Elec. Coop., Inc.*, 93 N.M. at 177, 598 P.2d at 220 (referring to dictionary and defining "improvement" as "the enhancement or augmentation of value or quality: a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.").  Applying this definition herein, the installation of the signs qualify as "physical improvement to real property" within the meaning of Section 37-1-27.

Defendants did not meet their initial summary judgment burden in that they presented no

12

evidence that BNSF did not own the crossing at the time of the accident. Plaintiffs presented evidence that BNSF owned the right-of-way and the crossing underwent physical improvement after 1996, which was less than ten years before the accident. At a minimum, material facts remain in dispute as to the ownership of the crossing. Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In that Defendants failed to meet their initial burden on summary judgment, and material facts remain in dispute, Defendants are not entitled to summary judgment on this issue.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Statute of Limitations/Repose) (Doc. 69), filed on March 9, 2007, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs Juan Moya and Josie Moya's Motion to Appoint Personal Representatives (Doc. 108), filed on April 12, 2007, and Plaintiffs Eric Vigil and Kimberly Vigil's Motion to Appoint Personal Representatives (Doc. 111), filed on April 26, 2007, are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit orders appointing the respective parents as personal representatives for the purpose of bringing this wrongful death action.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**